1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9    ALEXANDER McCOY,

10          Petitioner,                    No. CIV S-08-0793 JAM EFB P

11     vs.

12   ROBERT HORREL,

13          Respondent.                    <u>FINDINGS AND RECOMMENDATIONS</u>

14   _____/

15          Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28

16   U.S.C. § 2254.[1] Petitioner challenges a May 31, 2006 judgment of the Lassen County Superior

17   Court, contending he was convicted and sentenced by plea bargain for the wrong offense under

18   the wrong statute. Pet. at 7. Respondent moves to dismiss on the ground that petitioner's sole

19   claim for relief is unexhausted. For the reasons explained below, the motion must be denied.

20          A district court may not grant a petition for a writ of habeas corpus unless "the applicant

21   has exhausted the remedies available in the courts of the State," or unless there is no State

22   corrective process or "circumstances exist that render such process ineffective to protect the

23   rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion

24   _____

25          [1] While petitioner labels his petition as one brought pursuant to 28 U.S.C. § 2241, the
     court construes it as one brought pursuant to § 2254. Section 2254 is the exclusive vehicle for a
     habeas petition by a state prisoner in custody pursuant to a state court judgment. *White v.*
26   *Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004).

1   requirement by presenting the "substance of his federal habeas corpus claim" to the state courts.

2   *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented

3   operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365

4   (1995) (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are

5   asserting claims under the United States Constitution").  A claim is unexhausted if any state

6   remedy is available.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek

7   discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th

8   Cir. 1988) (no exhaustion where state supreme court referred petitioner's appeal of trial court's

9   denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower

10  court's disposition of that appeal to state supreme court).   Unless the respondent specifically

11  consents to the court entertaining unexhausted claims, a petition containing such claims must be

12  dismissed.  *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275.  For a California prisoner to

13  exhaust, he must present his claims to the California Supreme Court on appeal in a petition for

14  review or  post-conviction in a petition for a writ of habeas corpus.  *See Carey v. Saffold*, 536

15  U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*,

16  189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to

17  California Supreme Court in a petition for review).

18       Petitioner filed a petition for writ of habeas corpus with the California Supreme Court on

19  February 14, 2008.  Resp.'s Mot. to Dism., Docs. Lodg. in Supp. Thereof ("Lodg. Doc."), Lodg.

20  Doc. 3.  That petition also raises the claim that petitioner was convicted and imprisoned for the

21  wrong crime under the wrong statute.  Lodg. Doc. 2.  Respondent asserts that as of June 20,

22  2008, the date of filing his motion to dismiss, there was no decision by the California Supreme

23  Court.  Thus, respondent contends the petition must be dismissed because it contains an

24  unexhausted claim.

25       On July 23, 2008, however, petitioner requested that the court take judicial notice that the

26  California Supreme Court denied his petition on July 16, 2008.  That request is granted.  *See*

Fed. R. Evid. 201.  Since the California Supreme Court petition is no longer pending, it appears that petitioner has now exhausted his state judicial remedies.  Respondent has not challenged or otherwise responded to petitioner's request for judicial notice.  It therefore appears that respondent does not dispute that petitioner has now exhausted his state judicial remedies.

In light of the foregoing, the court concludes that respondent's motion to dismiss should be denied.

Accordingly, it is ORDERED that petitioner's request for judicial notice is granted.

Further, it is hereby RECOMMENDED that:

1.  Respondent's June 20, 2008 motion to dismiss be denied; and,

2.  Respondent be directed to file and serve an answer, and not a motion, responding to the application within 60 days from the date of this order.  *See* Rule 4, Fed. R. Governing § 2254 Cases.  An answer shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rule 5, Fed. R. Governing § 2254 Cases; and,

3.  Petitioner be directed that his reply, if any, be filed and served within 30 days of service of an answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 29, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3