IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXANDER MCCOY,

    Petitioner,                  No. 2:08-cv-00793 JAM KJN P

    vs.

ROBERT HORREL, Warden,

    Respondent.               ORDER

_____/

        Petitioner is a state prisoner proceeding without counsel and in forma pauperis in this habeas corpus action filed April 14, 2008, pursuant to 28 U.S.C. § 2254.[1] This action was reassigned to the undersigned magistrate judge on February 9, 2010.[2] Respondent filed an answer on June 11, 2009. On November 2, 2009, petitioner filed the instant "Motion Pursuant to 28 U.S.C. 2243 to Commence Judgment Proceedings" (Dkt. No. 23), requesting that the court "begin judgment proceedings in favor of petitioner as the facts and circumstances dictate" (id. at

---

[1] As the court noted in findings and recommendations filed January 29, 2009, petitioner labeled his filing as one brought pursuant to 28 U.S.C. § 2241, but the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment is 28 U.S.C. § 2254. White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004).

[2] This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and E.D. Cal. L.R. ("Local Rule") 302.

1

2).  Respondent has not filed a response.

Section 2243 provides that a court or judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Pursuant to Section 2243, the court is required to screen out frivolous habeas corpus applications.  See Rules Governing Section 2254 Cases, Rule 4, Advisory Committee Notes, 1976 Adoption ("Advisory Committee Notes").  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir.1990) (citations and quotations omitted).  When, as here, an answer to the petition is ordered pursuant to Fed. R. Civ. P. 4 (see Dkt. No. 12, at 3), "the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made," as well as greater discretion in managing the case.  Advisory Committee Notes, supra. Here, the court is proceeding in a routine manner by obtaining adequate briefing on the petition in order to "dispose of the matter as law and justice require."  28 U.S.C. § 2243.

The court therefore construes petitioner's motion as his traverse (reply) to respondent's answer and shall deem it timely filed.  The court will address in due course the merits of petitioner's habeas corpus application pursuant to Section 2254.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's "motion" pursuant to Section 2243 (Dkt. No. 23) is denied; and

2. The Clerk of Court shall designate the motion as petitioner's traverse.

SO ORDERED.

DATED: May 11, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mcco0793.2243