IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER MCCOY,<br><br>            Petitioner,<br><br>    vs.<br><br>ROBERT HORREL, Warden,<br>Pelican Bay State Prison<br><br>            Respondent. | Case No. 2:08-cv-00793-JKS<br><br>MEMORANDUM DECISION |

  Petitioner, Alexander McCoy, a state petitioner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[1]  Brown is currently in the custody of the California Department of Corrections, incarcerated at the Pelican Bay State Prison, in Crescent City, California.  Respondent has filed an answer, and McCoy has filed a traverse.

STATEMENT OF THE FACTS

  While McCoy was incarcerated in state prison, he assaulted fellow inmate Juan Grajeda. McCoy was charged with a violation of California Penal Code section 4501, and he subsequently pled guilty to this charge.  Apparently, unbeknownst to the parties, the original abstract of

---

[1] McCoy has filed his petition under 28 U.S.C. § 2241.  However, "§ 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." *White v. Lambert,* 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010).  Accordingly, this Court will analyze McCoy's petition under 28 U.S.C. § 2254.

judgment reflected a conviction under California Penal Code section 4501.5.  At the change of plea colloquy, the trial court accepted Petitioner's plea "to Count I, [. . .] violation of 4501.5." Essentially, the trial court, in describing "Count I" mistakenly stated the alleged violation of section 4501.5.  However, the written plea agreement reflected McCoy would be pleading guilty to a violation of California Penal Code section "4501" as this was the only charge brought against him.

The abstract of judgment was later corrected to reflect Petitioner had been convicted of a violation of California Penal code section 4501.  McCoy now stands convicted of the charge listed in the charging document and in the written change of plea agreement.  This is the only remaining inconsistency in the record regarding Petitioner's conviction.

## PROCEDURAL HISTORY

McCoy did not file a direct appeal in state court.  In June 2006, McCoy filed his first state superior court petition in Lassen County Superior Court, which denied the petition in August 2006.  In November 2007, McCoy filed a petition for writ of habeas corpus in the California Court of Appeal, which denied the petition in December 2007.  On February 11, 2008, McCoy filed a petition for writ of habeas corpus in the California Supreme Court.  Eight days later, he filed a second petition for writ of habeas corpus in the same court.  The California Supreme Court denied both petitions in July 2008.

In April 2008 McCoy filed a petition for a writ of habeas corpus in this Court.[2]  McCoy raises a single issue: his case must be remanded to the trial court so that the judgment can be amended to properly reflect a conviction of the proper offense, section 4501.  Respondent does not raise any affirmative defenses.

## STANDARD OF REVIEW

---

[2] McCoy's petition was not timely under *Evans v. Chavis*, 546 U.S. 189 (2006)*, Day v. McDonough*, 547 U.S. 198 (2006), and *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).  However, by not raising it, Respondent is deemed to have waived the defense of untimeliness.  *See Day*, 546 US 198.  This Court will address the petition on its merits.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[3] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[4] The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[5] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[6] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[7] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing that the state court determination was incorrect.[8] "[A]bsent a specific constitutional

---

[3] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[4] *Williams*, 529 U.S. at 412.

[5] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[6] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[7] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[8] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[9] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[10] Because state court judgments of conviction and sentence carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[11]

In applying this standard, this Court reviews the last reasoned decision by the state court.[12] State appellate court decisions that affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[13] Under California's unique habeas procedure, a defendant who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal. If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.[14] This is considered as the functional equivalent of the appeal process.[15] Under AEDPA, the state court's findings of

---

[9] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[10] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[11] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[12] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[13] *Ylst*, 501 U.S. at 802-03.

[14] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002).

[15] *Id.* at 222.

fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[16] This presumption applies to state trial courts and appellate courts alike.[17]

When there is no reasoned state court decision denying an issue presented to the state court and raised in a federal habeas petition, this Court must assume that the state court decided all the issues presented to it and perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.[18] The scope of this review is for clear error of the state court ruling on the petition:

> [A]lthough we cannot undertake our review by analyzing the basis for the state court's decision, we can view it through the "objectively reasonable" lens ground by *Williams* . . . . Federal habeas review is not *de novo* when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law. Only by that examination may we determine whether the state court's decision was objectively reasonable.[19]

"[A]lthough we independently review the record, we still defer to the state court's ultimate decision."[20]

## DISCUSSION

McCoy contends that this court must order his case remanded to the trial judge so the judgment can be properly amended. To the extent that McCoy claims that judgment does not properly reflect a conviction for a violation of section 4501, his argument is moot. Federal

---

[16] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[17] *Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004).

[18] *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam).

[19] *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000) (internal citation omitted); *see also Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).

[20] *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). This Court notes, however, that the question of the deference to be given summary denials was left open by the Ninth Circuit sitting en banc. *See Pinholster v. Ayers,* 590 F.3d 651, 663 (9th Cir. 2009) (en banc); *Richter v. Hickman*, 578 F.3d 944, 951 n.5 (9th Cir. 2009) (en banc). The issue is presently pending before the Supreme Court *sub nom, Harrington v. Richter*, No. 09-587.

courts lack jurisdiction to consider moot claims.[21]  "If there is no longer a possibility that [a party] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."[22]  "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted."[23]   In this case, a corrected Abstract of Judgment was filed on June 11, 2007, to properly reflect a conviction under section 4501.  Because McCoy has received the relief he is seeking, the issue is moot.

To the extent that McCoy argues that the state courts improperly amended the error instead of remanding the case for re-sentencing, he fails to raise a federal constitutional issue.  It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law.[24]  "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."[25]  This principle applied to federal habeas review of state convictions long before AEDPA.[26]  A federal court errs if it interprets a state legal doctrine in a manner that directly

---

[21] *See Church of Scientology v. United States,* 506 U.S. 9, 12 (1992).

[22] *Ruvalcaba v. City of Los Angeles,* 167 F.3d 514, 521 (9th Cir. 1999).

[23] *Serena v. Mock,* 547 F.3d 1051, 1053 (9th Cir. 2008) (quoting *Feldman v. Bomar,* 518 F.3d 637, 642 (9th Cir. 2008)).

[24] *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002); *see also Engle v. Isaac*, 456 U.S. 107, 119 (1982) (challenging the correctness of the application of state law does not allege a deprivation of federal rights sufficient for habeas relief); *Bell v. Cone,* 543 U.S. 447, 455 (2005) (a federal court may not lightly presume that a state court failed to apply its own law).

[25] *Bradshaw v. Richey,* 546 U.S. 74, 76 (2005); *see West v. AT&T,* 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law.  When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . .").

[26] *See Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975) ("state courts are the ultimate expositors of state law").

conflicts with the state supreme court's interpretation of the law.[27]  It does not matter that the state supreme court's statement of the law was dictum if it is perfectly clear and unambiguous.[28]  In this case, it seems that the California state-court amended the judgment without requiring a re-sentencing hearing.  This is a matter of state procedural law and is beyond the purview of this Court.[29]

### CONCLUSION AND ORDER

McCoy is not entitled to relief under any ground raised in the Petition.  Accordingly,

**IT IS HEREBY ORDERED THAT** the Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[30]

The Clerk of the Court is to enter judgment accordingly.

Dated: November 4, 2010

/s/ James K. Singleton, Jr.

**JAMES K. SINGLETON, JR.**
United States District Judge

---

[27] *See Bradshaw*, 546 U.S. at 76-78 ("Because the Sixth Circuit disregarded the Ohio Supreme Court's authoritative interpretation of Ohio law, its ruling on sufficiency of the evidence was erroneous.").

[28] *Id.* at 76.

[29] McCoy cites *United States v. Peters*, 324 F. Supp. 2d 136 (D. Me. 2004), for the proposition that while clerical errors can be corrected by amendment, judicial errors require that the case be remanded for correction.  This case is not applicable for two reasons.  First, the case deals with judicial error which occurred in a federal district court, not a state court.  Accordingly, the court conducted its analysis under the Federal Rules of Criminal Procedure, not the state-court rules.  Secondly, the case did not rest on federal constitutional grounds as required by AEDPA.  *Early*, 537 U.S. at 10.

[30] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.